1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                  **SOUTHERN DISTRICT OF CALIFORNIA**
8
9    CHARLES E. MOSES, JR.,                    CASE NO. 12cv1003-MMA (JMA)
10                            Petitioner,        **ORDER ADOPTING REPORT AND**
                                                 **RECOMMENDATION OF UNITED**
11                                               **STATES MAGISTRATE JUDGE;**
12                                               [Doc. No. 31]
13                                               **OVERRULING PETITIONER'S**
                                                 **OBJECTIONS**
14   vs.
                                                 [Doc. No. 36]
15
                                                 **DENYING PETITION FOR WRIT**
16                                               **OF HABEAS CORPUS;**
17                                               [Doc. No. 1]
18   DR. JEFFREY BEARD, Secretary,               **DENYING PETITIONER'S**
                                                 **MOTION TO AMEND THE**
19                            Respondent.        **PETITION**
20                                               [Doc. No. 30]
21                                               **DECLINING  TO ISSUE**
                                                 **CERTIFICATE OF**
22                                               **APPEALABILITY**
23
24        Petitioner Charles E. Moses, Jr., a state prisoner proceeding *pro se*, filed a

25   petition for writ of habeas corpus ("petition") pursuant to Title 28 of the United

26   States Code, section 2254, challenging his conviction following a bench trial for

27   willful infliction of corporal injury upon a cohabitant.  *See* Doc. No. 1.  Petitioner

28   raises three separate grounds for relief.  Respondent answered the petition, arguing

that the Court should deny all of Petitioner's claims and dismiss the petition with prejudice. *See* Doc. No. 25. Petitioner filed a traverse. *See* Doc. No. 27. Additionally, Plaintiff filed a document entitled "Request to Supplement Additional Grounds," in which Plaintiff seeks to add a fourth claim for habeas relief. *See* Doc. No. 30.

The matter was referred to United States Magistrate Judge Jan M. Adler for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and Civil Local Rule HC.2. Judge Adler has issued a detailed and well-reasoned report recommending that the Court deny Petitioner's claims for relief without an evidentiary hearing and dismiss the petition with prejudice. *See* Doc. No. 31. Moreover, Judge Adler construed Petitioner's request to add a fourth claim as a motion to amend the petition, and recommends the Court deny Petitioner's motion to amend the petition. Petitioner objects to the Report and Recommendation on multiple grounds. *See* Doc. No. 36. For the reasons set forth below, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.

<u>DISCUSSION</u>

### 1.    *Standard of Review*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### 2.    *Analysis*

Petitioner objects to Judge Adler's findings and recommendations as to all claims raised in his petition. Petitioner's objections are primarily based on the arguments raised in his petition and traverse. Judge Adler thoroughly addresses

1   those arguments in the Report and Recommendation. After conducting a *de novo*

2   review of the entire record, the Court finds that Petitioner's objections are without

3   merit. Further discussion is warranted only with respect to Petitioner's claim that

4   the trial court transcripts were "flawed" and "falsified."

5       Petitioner claims that his due process rights were violated because of

6   numerous inaccuracies and omissions in the trial transcript. The Supreme Court has

7   recognized that substantive due process includes a criminal defendant's right to

8   obtain a trial transcript for purposes of appeal. *Mayer v. Chicago*, 404 U.S. 189,

9   193–95 (1971). A court need only provide an indigent defendant with a "record of

10   sufficient completeness" to prepare an appeal; irrelevant or extraneous portions of

11   the transcript may be omitted. *Id.* at 194–95 (citation omitted). There is no

12   constitutional right to a totally accurate transcript of a state criminal trial. *Tedford*

13   *v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993). A constitutional violation would

14   occur only if the inaccuracies in the transcript adversely affected appellate review in

15   the state courts. *Id.*; *see also United States v. Anzalone*, 886 F.2d 229, 232 (9th Cir.

16   1989) ("[A]ssuming there were omissions in the transcripts, appellant cannot prevail

17   without a showing of specific prejudice.").

18       While Petitioner claims that his trial transcripts were altered or flawed, he

19   produces no evidence to support this assertion. Rather, Petitioner's claim is based

20   on unsupported speculation. It has long been established that a reporter's transcript

21   is presumed to be correct. *Abatino v. United States*, 750 F.2d 1442, 1445 (9th Cir.

22   1985); *United States v. Hoffman*, 607 F.2d 280, 286 (9th Cir. 1979); *Soo Hoo Hung*

23   *v. Nagle*, 3 F.2d 267, 268 (9th Cir. 1925); *see also People v. Kronemyer*, 189 Cal.

24   App. 3d 314, 358–59 (1987) (characterizing reporter's transcript as "presumptively

25   correct"). The party seeking to rebut this presumption must present a reason why a

26   court should suspect an inaccuracy. *Norris v. Schotten*, 146 F.3d 314, 333 (6th Cir.

27   1998) (holding that a petitioner's speculation is insufficient to question trial

28   transcripts as inaccurate). Petitioner's unsupported assertions of inaccuracy cannot

1   serve to rebut the presumption and are without merit.

2        Moreover, Petitioner has failed to demonstrate prejudice arising from any

3   alleged alteration or omission.  Petitioner's speculation that inaccurate portions of

4   the record may have reflected reversible error is not enough. *See Bransford v.*

5   *Brown*, 806 F.2d 83, 86 (6th Cir. 1986) (explaining that a petitioner must present

6   some "modicum of evidence" that omissions from trial transcript denied right to fair

7   appeal).

8        Accordingly, the Court concludes Judge Adler issued an accurate report and

9   well-reasoned recommendation that both the petition and the motion to amend the

10  petition be denied.  The Court **OVERRULES** Petitioner's objections and **ADOPTS**

11  the Report and Recommendation in its entirety.  The Court **DENIES** Petitioner's

12  petition with prejudice.

13                        **CERTIFICATE OF APPEALABILITY**

14        Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the

15  district court must issue or deny a certificate of appealability when it enters a final

16  order adverse to the applicant."  A certificate of appealability is not issued unless

17  there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. §

18  2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists

19  could debate whether the petition should have been resolved in a different manner

20  or that the issues presented were adequate to deserve encouragement to proceed

21  further.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), quoting *Slack v.*

22  *McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner has not made the requisite

23  showing.  Accordingly, the Court declines to issue a certificate of appealability as to

24  any claims or issues raised in his petition.

25  / / /

26  / / /

27  / / /

28  / / /

<u>CONCLUSION</u>

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus with prejudice.  The Court **DECLINES** to issue a Certificate of Appealability.

The Clerk of Court shall terminate this case and enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

DATED:  May 21, 2014

Hon. Michael M. Anello
United States District Judge

- 5 -

12cv1003